UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLAYTON MICHAEL VANGENDEREN,

      Plaintiff,

v.                                                                       Case No. 19-C-325

BLAKE ARTIS,
ERIC PODOSKI, and
KATI DEMFIELD,

      Defendants.

## SCREENING ORDER

Plaintiff Clayton VanGenderen, who is currently confined in Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on VanGenderen's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

VanGenderen has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). VanGenderen has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.26. The court directed VanGenderen to pay the initial partial filing fee or advise the court why he was unable to do so by April 12, 2019. VanGenderen has since filed a letter stating that he lacks the funds to pay even the initial partial filing fee and that

he does not have family to send him money. Attached to the letter is a trust account statement showing a $0.00 balance as of February 22, 2019, and a $0.08 balance as of March 8, 2019. While the attached trust account statement does not conclusively demonstrate an inability to pay the fee as of late-March or early-April, it appears from VanGenderen's letter that he lacks the funds to pay the partial filing fee. Therefore, the court grants VanGenderen's motion to proceed *in forma pauperis* and waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

VanGenderen alleges that, "just prior to release and during the time [he] was on parole/extended supervision," Defendants Blake Artis, Eric Podoski, and Kati Dumfield, who are Department of Corrections employees working in the Division of Community Corrections in Marathon County, Wisconsin, refused to allow him to attend the Church of Jesus Christ of Latter-day Saints. Dkt. No. 1 at 2. VanGenderen claims his request was denied "by way of rules given stating I was to have no contact with that church." *Id.* VanGenderen alleges that he "was not given any reason for the rule and was not given enough time to reach another chapel of the Mormon Church outside the county." *Id.* at 2–3. VanGenderen also alleges that Artis and Podoski made slurs and rude comments about inmates attending church outside of prison and that Artis "attempted to supercede the orders of the family court refusing to allow [VanGenderen] to comply with those orders and attempted to make [him] cause an impass [sic] at the court-ordered mediation." *Id.* at 3.

## THE COURT'S ANALYSIS

As an initial matter, the complaint is not clear as to whether the defendants' basis for denying VanGenderen's attendance at the Church was a condition of his extended supervision and whether VanGenderen seeks to challenge the condition itself, the defendants' actions, or both. To the extent that VanGenderen seeks to challenge a condition of supervision, such as a restriction on his ability to attend religious services without prior consent from his supervising agent, *see, e.g.*, *Belton v. Betzhold*, No. 12-CV-0053, 2012 WL 6094461, at *1 (E.D. Wis. Dec. 7, 2012), he must

3

bring such a claim in a habeas corpus petition rather than in a § 1983 action. *See Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977); *Yoder v. Wis. Dep't of Corr.*, No. 03-C-193-C, 2004 WL 602647, at *7 (W.D. Wis. Mar. 11, 2004).

To the extent that VanGenderen challenges the defendants' actions, he states a claim under the Free Exercise Clause of the First Amendment. A plaintiff states a free-exercise claim if he alleges a sincere religious belief and that his religious exercise has been substantially burdened. *See Koger v. Bryan*, 523 F.3d 789, 797–98 (7th Cir. 2008); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 996–97 (7th Cir. 2006). A substantial burden on a prisoner's religious exercise violates the First Amendment "only if the burden is not reasonably related to a legitimate penological interest." *Powell v. Raemisch*, No. 10-cv-202-bbc, 2010 WL 2429709, at *5 (W.D. Wis. June 11, 2010) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350–51 (1987)). Construing VanGenderen's complaint liberally, as this court is required to do, *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017), VanGenderen states a free-exercise claim against the defendants because a sincere religious belief can be inferred from his allegations and the defendants' alleged refusal to allow VanGenderen to attend a Mormon church substantially burdens his religious exercise. VanGenderen may proceed against the defendants in their official capacities for prospective injunctive relief and in their individual capacities for monetary damages.

VanGenderen's complaint appears to challenge the denial of his rights both while he was confined and after he was released on extended supervision. His allegations regarding the denial of his right to religious exercise that took place while he was in prison state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C. § 2000cc-1(a).

4

RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution." *Id.* Parolees do not meet the definition of "residing in" or being "confined to" any "institution." *See Belton*, 2012 WL 6094461, at \*1. The Seventh Circuit Court of Appeals previously held that RLUIPA's "substantial burden" language required a government action that rendered religious exercise "effectively impracticable." *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009). The Seventh Circuit recently recognized, however, that the standard is "much easier to satisfy," though the court did not provide a working standard. *See Jones v. Carter*, 915 F.3d 1147, 1149–50 (7th Cir. 2019). VanGenderen's allegations are sufficient to state a RLUIPA claim because it can be inferred at this stage that denying him the ability to attend a Mormon church is not the least restrictive means of furthering a compelling government interest. *See* § 2000cc-1(a)(1)–(2). VanGenderen may only pursue injunctive relief under RLUIPA. *See Nelson*, 570 F.3d at 889, *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019); *Powell*, 2010 WL 2429709, at \*5.

VanGenderen's other allegations against Podoski and Artis do not state a claim. Podoski and Artis' "rude" comments about inmates attending church are insufficient to state a claim under § 1983. *See Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1099 (N.D. Ind. 2009) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) and *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Likewise, VanGenderen's allegations that Podoski "attempted to supercede the orders of the family court" and "attempted to make [VanGenderen] cause an impass [sic] at the court-ordered mediation" appear to allege a denial of access to courts, but they are nevertheless insufficient to state a claim absent an allegation of actual injury. *See McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).

In sum, VanGenderen may proceed on First Amendment and RLUIPA claims against all of the defendants. He may not proceed on any other claims.

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge Nancy Joseph for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this  10th  day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court